UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

ROMAN,

    *Plaintiff*,

v.

WETZEL, et al.,

    *Defendants*.

CA. NO. 16-299 Erie

ORDER ADOPTING REPORT
AND RECOMMENDATION

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court, having reviewed Plaintiff Anibal Roman's motion for a preliminary injunction and temporary restraining order (Dkt. No. 4), the oral Report and Recommendation of the Honorable Susan P. Baxter, United States Magistrate Judge, (Dkt. Nos. 11 and 13), and the balance of the record, does hereby find that:

(1) Plaintiff alleges that he received a kidney transplant in May of 2000, he attempted suicide in 2015, he has been robbed and assaulted by fellow inmates and cellmates, the most recent incident being a year and a half ago, his left arm was permanently damaged during an assault by a fellow inmate, he is diagnosed with PTSD, he is currently housed in the Special Needs Unit, and he is being treated by both a

1

medical doctor and a psychiatrist;

(2) Plaintiff further alleges that he fears that "he is one assault away in losing his (kidney transplant) or even worse death." Dkt. No. 4 at ¶ 3 (parentheticals in original). Therefore, he requests that the Court order that Plaintiff be placed on Single Cell Status (Medical Z Code under DC-ADM-006);

(3) The Magistrate Judge concluded in the Report and Recommendation that Plaintiff failed to demonstrate a likelihood of success on the merits or that he is likely to face irreparable harm in the absence of an injunction. In reaching her decision, she noted that it has been over seventeen years since Plaintiff received his kidney transplant and nearly two years since Plaintiff was assaulted and attempted suicide. The Magistrate Judge further noted that Plaintiff is currently housed on the Special Needs Unit and is being followed by both a medical doctor and a psychiatrist for his medical concerns. Therefore, the Magistrate Judge concluded that Plaintiff failed to demonstrate a real or immediate danger of irreparable harm.

(4) This Court has reviewed Plaintiff's Objections to the Report and Recommendation and nothing in the Objections persuades this Court that the Report and Recommendation should not be adopted. Plaintiff simply reasserts his fear that he is "one assault away in losing his [Kidney Transplant] or even worse death." Dkt. No. 14 at ¶ 3 (brackets in original). While the Court is sympathetic with Plaintiff's concern, he has not presented any evidence that he is in imminent danger of harm. *See McCahon v. Pennsylvania Turnpike Com'n*, 491 F. Supp. 2d 522, 527 (stating that "the moving party must establish that the harm is imminent and probable"). It is not enough for Plaintiff to claim that he is at risk of irreparable harm; he must

demonstrate that the risk is "immediate." *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987); *Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (risk of irreparable harm means clear showing of immediate irreparable injury or presently existing actual threat); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Penn. 1994) (same). Plaintiff has presented no such evidence. He admits that the last time he was assaulted was a year and a half ago and he presents no evidence that suggests a current increased risk of harm.

(5) Accordingly, the Court ADOPTS the Report and Recommendation; and

(6) The Clerk of the Court is respectfully directed to send copies of this Order to Plaintiff, Defendants, and to Judge Baxter.

**IT IS SO ORDERED.**

DATED this 9th day of June, 2017.

*Barbara J. Rothstein*

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE